DAVEY v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 44477. Submitted March 11, 1980, at Lansing.—Decided
April 30, 1980.

Donald G. Davey was killed in a motor vehicle accident on
August 7, 1975. Joy A. Davey, wife of the deceased, sought
benefits under a no-fault insurance policy issued by the Detroit
Automobile Inter-Insurance Exchange. A dispute arose as to
the amount of benefits to which Mrs. Davey was entitled as her
husband's survivor.

She subsequently sued DAIIE in Jackson Circuit Court alleg-
ing entitlement to benefits under the policy with no need to set
off social security and veterans benefits. The court, James G.
Fleming, J., held the no-fault setoff provisions of the policy
unconstitutional and awarded full benefits to Mrs. Davey,
including cost-of-living increases. The court further held that
the difference between benefits paid injured parties, which
included cost-of-living increases, and those paid surviving de-
pendents, which did not, denied Mrs. Davey equal protection.

Following the court's decision, the Supreme Court upheld the
setoff provisions of the no-fault act. On October 16, 1978, the
Legislature amended the no-fault act to include cost-of-living
increases to a survivor.

Mrs. Davey moved to enforce the earlier judgment claiming
that DAIIE had not paid the amount ordered nor interest nor
attorneys' fees. The Exchange responded that in light of the
Supreme Court's holding, Mrs. Davey was no longer the pre-
vailing party and, thus, not entitled to attorneys' fees. The
court granted Mrs. Davey's motion, indicating the parties had
resolved the question of setoff.

DAIIE appeals, alleging that the trial court erred in finding

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 27.
  Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.
[2, 3] 7 Am Jur 2d (Rev), Automobile Insurance §§ 25, 27.
  16A Am Jur 2d, Constitutional Law §§ 756, 757.
[4] 5 Am Jur 2d, Appeal and Error § 698.
[5] 22 Am Jur 2d, Damages §§ 165, 168.

that Davey's equal protection rights had been violated but did not question the court's ruling on the setoff provision. *Held:*

1. Provisions in the no-fault act which permit payment of cost-of-living increases to individuals classified as injured parties, while denying similar benefits to those classified as surviving dependents, unconstitutionally deprive such dependents of the equal protection of law. The equal protection test for socioeconomic legislation such as the no-fault act is whether the statute is reasonably related to a legitimate legislative objective.

2. Issues not raised and briefed on appeal will be deemed abandoned. Since Detroit Automobile Inter-Insurance Exchange failed to appeal the setoff issue, and Mrs. Davey prevailed on the issue of equal protection, she is still the prevailing party and remains entitled to attorneys' fees.

Affirmed.

1. CONSTITUTIONAL LAW — INSURANCE — EQUAL PROTECTION — CLASSIFICATIONS — NO-FAULT BENEFITS — STATUTES.

Provisions in the no-fault act which permit payment of cost-of-living increases to individuals classified as injured parties, while denying similar benefits to those classified as surviving dependents, unconstitutionally deprive such dependents of the equal protection of law (MCL 500.3107, 500.3108; MSA 24.13107, 24.13108).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — SOCIOECONOMIC LEGISLATION — INSURANCE — NO-FAULT ACT.

The equal protection test for socioeconomic legislation such as the no-fault act is whether the statute is reasonably related to a legitimate legislative objective.

3. CONSTITUTIONAL LAW — LEGISLATIVE PURPOSE — SOCIOECONOMIC LEGISLATION — INSURANCE — STATUTES.

Compensation of motor vehicle accident victims and their surviving dependents for lost wages and medical expenses is a legitimate legislative objective (MCL 500.3105; MSA 24.13105).

4. APPEAL — ISSUES — FAILURE TO RAISE.

Issues not raised or briefed on appeal will be deemed abandoned.

5. PARTIES — APPEAL — ATTORNEY FEES — STATUTES.

A prevailing party in an action who survives a challenge on appeal is still the prevailing party and remains entitled to an original award of attorneys' fees pursuant to statute (MCL 500.3148; MSA 24.13148).

*Rosenburg, Stanton, Bullen & Nelson* (by *Terry J. Klaasen),* for plaintiff.

*Susskind, Hedstrom & Falahee,* for defendant on appeal.

Before: MacKenzie, P.J., and Bashara and D. C. Riley, JJ.

Per Curiam. Plaintiff's husband was killed in a motor vehicle accident in the state of Michigan on August 7, 1975. Following his death, plaintiff sought benefits under a no-fault insurance policy issued by the defendant. A dispute arose between plaintiff and defendant over the amount of benefits plaintiff was entitled to as her husband's survivor pursuant to MCL 500.3108; MSA 24.13108. Plaintiff subsequently filed suit in Jackson County Circuit Court, alleging that she was entitled to benefits totaling $1,111 per month and that she need not set off social security and veterans benefits against her no-fault survivor's benefits.

Based upon the Court of Appeals opinion in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245 NW2d 801 (1976), which declared the no-fault setoff provisions unconstitutional, the court found plaintiff to be entitled to benefits without any setoffs. The court awarded plaintiff $1,111 per each 30-day period, the amount her husband would have been entitled to under MCL 500.3107; MSA 24.13107, had he survived the accident.

Section 3107 of the no-fault act provides work-loss benefits for individuals surviving motor vehicle accidents. The maximum statutory benefit for those injured parties is $1,000 per each 30-day period plus any cost-of-living increases. Section 3108 which provides benefits for surviving depen-

dents also has a ceiling of $1,000 per each 30-day period. However, prior to an amendment in 1978 (which would not affect the instant plaintiff), this section made no provision for cost-of-living increases for those surviving the death of family members.

The lower court agreed with plaintiff that the distinction between the two classifications deprived her of equal protection rights under the law. Therefore, the award of $1,000 plus cost-of-living benefits, or $1,111 per month, was held to be proper.

The Supreme Court subsequently overruled *O'Donnell* (404 Mich 524; 273 NW2d 829 [1979]), thus upholding the setoff provisions of the no-fault act. The Legislature amended § 3108 to include cost-of-living increases effective October 16, 1978.

On February 2, 1979, plaintiff filed a motion to enforce the earlier judgment, claiming defendant had not paid $1,111 for each 30-day period due, or interest or attorney fees as ordered by the court. Defendant responded that since *O'Donnell*, had been reversed by the Supreme Court, plaintiff was no longer the prevailing party and, therefore, was not entitled to attorney fees pursuant to MCL 500.3148; MSA 24.13148. The court granted plaintiff's motion to enforce in an opinion dated March 14, 1979, in which the court indicated that the parties had agreed between themselves as to how to deal with the setoff issue subsequent to the Supreme Court's holding in *O'Donnell, supra.*

"Plaintiff, according to the pleadings and file, has acquiesced in the off-set of Social Security benefits she receives against the defendant's survivor benefits payment, dispite *[sic]* this Court's May 4, 1978, Judgment pursuant to the agreement of counsel."

With regard to the cost-of-living question, the court stated:

"This Court found no rationale *[sic]* basis for the classification made in benefits where injured parties receive cost of living adjustments against survivor benefits where cost of living adjustments were not so provided, and the deceased first incurred injuries that caused his death and his survivors are entitled to the benefits of such costs of living.

"The issue of denial of equal protection of law and unconstitutionality of benefit differentials for injured persons versus survivors was not decided by *O'Donnell,* and thus, the Judgment of May 4, 1978 is res adjudicata *[sic]* as to the factual situation here presented."

Defendant now appeals the court's ordering of payments of $1,111 per month plus attorney fees and interest. It specifically questions the lower court's finding that § 3108 of the no-fault insurance act was unconstitutionally violative of plaintiff's equal protection rights. The court's ruling on the setoff provision is not challenged on appeal.

The equal protection test for socioeconomic legislation such as the no-fault act is whether the statute is reasonably related to a legitimate legislative objective. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 540-541; 273 NW2d 829 (1979), *Shavers v Attorney General,* 402 Mich 554, 612-613; 267 NW2d 72 (1978). The purpose of both § 3107 and § 3108 is presumably to provide motor vehicle accident victims and their dependents with compensation for lost wages and medical expenses, a perfectly legitimate legislative objective. See MCL 500.3105; MSA 24.13105. However, defendant has set forth no possible relation, nor can we postulate one, between that objective and the cost-of-living distinctions. We believe that this deficiency was implicitly recognized by the

Legislature when it added cost-of-living benefits to
§ 3108 in 1978. Therefore, it was proper for the
trial court to declare the original § 3108 unconsti-
tutional, based on equal protection grounds, and to
remedy the matter by awarding plaintiff the full
benefits that her deceased husband would have
received under § 3107 had he survived. See *People
v Neumayer,* 405 Mich 341; 275 NW2d 230 (1979).

Defendant's brief on appeal does not challenge
the validity of the circuit court's judgment holding
defendant liable for benefits without any necessity
for setoffs. It is well settled that issues not raised
and briefed on appeal will be deemed abandoned.
*Meshriy v Sun Oil Co,* 67 Mich App 709, 711; 242
NW2d 497 (1976), *Taylor v Klahm,* 40 Mich App
255, 269; 198 NW2d 715 (1972). Since plaintiff has
won on the equal protection issue and the defen-
dant has failed to appeal the setoff issue, plaintiff
is still the prevailing party. It is clear then that
plaintiff remains entitled to attorney fees. MCL
500.3148; MSA 24.13148.

Affirmed.