HARPER v PROGRESSIVE CASUALTY INSURANCE COMPANY

1. STATUTES—ORIGINAL ENACTMENT—SUBSEQUENT AMENDMENT—LEG-
ISLATIVE INTENT—EFFECT OF AMENDMENTS—RETROACTIVE APPLI-
CATION.

Generally, legislative intent is determined as of the time of
original passage of a statute rather than at the time of an
amendment; however, an amendment enacted soon after con-
troversies arise in regard to a statute can be taken as a
legislative interpretation of the original act rather than as a
substantial change of it and where the Legislature acts with
alacrity in enacting the amendment it indicates that failure to
include the language of the amendment in the original statute
was largely an oversight, therefore, it is the intention of the
Legislature to give the amendment retroactive effect to the
date of the original statute.

2. INSURANCE—NO-FAULT INSURANCE—DISABILITY BENEFITS—ELIGIBIL-
ITY FOR BENEFITS—STATUTES.

Work loss benefits under a no-fault insurance policy for an
injured person who is temporarily unemployed at the time of
an accident or during the period of disability shall be based on
earned income for the last month employed full time preceding
the accident (MCLA 500.3107, 500.3107a; MSA 24.13107,
24.13107[1]).

Appeal from Oakland, Richard D. Kuhn, J. Sub-
mitted June 24, 1977, at Detroit. (Docket No.
29714.) Decided October 13, 1977.

Complaint by Glenn E. Harper against Progres-
sive Casualty Insurance Company for work loss
benefits under his no-fault insurance policy. Sum-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 142 et seq.
[2] Am Jur 2d New Topic Service, No-Fault Insurance § 29.

mary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt),* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff and White* (by *Gerald G. White* and *Robert G. Waddell),* for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

PER CURIAM. Plaintiff, although temporarily unemployed at the time of his May 22, 1974, automobile accident, filed for work loss benefits under his no-fault insurance policy with defendant. Defendant denied the claim. In circuit court, briefs were filed both on the meaning of the applicable section of the original no-fault statute[1] and on the retroactivity of an amendment to the section here involved.[2] The trial court granted summary judgment to the defendant based on a holding that the amendment did not apply retroactively. Plaintiff appeals as of right, and we reverse and remand for further proceedings.

The facts are not in dispute. Plaintiff was covered by an insurance policy issued by defendant which included work loss coverage as required by the statute.[3] The May 22, 1974, automobile accident resulted in plaintiff, a passenger, receiving disabling injuries such that, until January, 1975, he was unable to drive a truck. Formerly plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 500.3107(a), (b); MSA 24.13107(a), (b), effective October 1, 1973.

[2] MCLA 500.3107a; MSA 24.13107(1) (1975 PA 311, effective December 22, 1975).

[3] MCLA 500.3105; MSA 24.13105; MCLA 500.3107; MSA 24.13107.

had been employed as a truck driver, but he had been laid off at the time of the accident. Wages and prior earnings also are not disputed. The sole question is plaintiff's eligibility.

The original statutory provision in regard to work loss benefits was, in pertinent part, as follows:

"Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent."[4]

This quoted language gives rise to the first issue. Both sides agree that this language is patterned in large part on the uniform motor vehicle reparation act. The drafters of the uniform act made clear their intentions regarding § 3107 as follows:

" 'Work loss', as are the other components of loss, is restricted to accrued loss, and thus covers only actual loss of earnings as contrasted to loss of earning capacity. Thus, an unemployed person suffers no work loss from injury until the time he would have been employed but for his injury."[5]

Ordinarily, we would assume the Michigan Leg-

---

[4] MCLA 500.3107(b); MSA 24.13107(b).

[5] 13 Uniform Laws Annotated 358, 362; comments to § 1(5)(ii) of the uniform act. The language of § 1(5)(ii) of the uniform act is almost verbatim with § 500.3107(b) of the Michigan no-fault statute.

islature, in adopting the language of the uniform act, was familiar with the intention ascribed by the drafters and would conclude that § 3107(b) did not initially cover unemployed workers, at least until they returned to work. However, the subsequent legislative history of the amendment to the Michigan statute casts doubt upon this assumption.

When questions arose as to the desirability of excluding from coverage those temporarily unemployed, the Legislature, with promptness, undertook hearings preliminary to amending the statute. In the legislative analysis dated November 21, 1975, which accompanied House Bill 4221, which is the amendment to the provision in question, the following appears:

"However, there is no concise definition of 'loss of income' in the law.

"This has given rise to certain problems in connection with persons who are seasonally employed or temporarily unemployed as a result of lay-offs, and who are disabled as a result of an auto accident. In the case of a worker who is unemployed at the time of an accident or during the period of disability, the law might be construed as providing for no work loss benefits since the worker would have had no income at that time, had he/she not been injured. In addition, disabled workers are not entitled to unemployment compensation since benefits are not payable to a person who is unable to work. An unemployed worker who is disabled in an auto accident may thus find him/herself without benefits of either sort.

"The manner in which the Bill addresses itself to the problem:

"The Bill would clarify procedures for calculating work loss benefits for an injured person who is temporarily unemployed at the time of the accident or during the period of disability. The calculation of work loss

benefits would be based upon earned income for the last month employed full-time preceding the accident."[6]

In addition, the same analysis noted that an argument against the amendment was the fact that it was unnecessary because some insurers were already paying benefits to persons unemployed at the time of the injury.

Thus, ascertaining the legislative intent is a difficult question in this case. As a general rule, legislative intent is determined as of the time of original passage rather than at the time of an amendment.[7] However, an amendment enacted soon after controversies arise in regard to a statute can be taken as a legislative interpretation of the original act rather than as a substantial change of it. In view of the alacrity with which the Legislature enacted the amendment, we would believe that failure to include the language of the amendment in the original § 3107(b) was largely an oversight. The amendment provides as follows:

"Sec. 3107a. Subject to the provisions of Section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident."[8]

Thus, if it was an oversight, we would be inclined to believe the Legislature intended the amendment (§ 3107a) to have retroactive effect to the effective date of the no-fault statute. In so

[6] Second Analysis of House Bill 4221 (as passed by House), dated November 21, 1975.

[7] *Detroit Edison Co v Department of Revenue,* 320 Mich 506; 31 NW2d 809 (1948).

[8] MCLA 500.3107a; MSA 24.13107(1), immediate effect, December 22, 1975.

ruling, it becomes unnecessary to reach a decision regarding the meaning of the original statute. Consequently, we apply the measure contained in the amendment to determine appellant's benefits.

Reversed and remanded for proceedings consistent with this opinion.