KENNEDY v AUTO-OWNERS INSURANCE COMPANY

Docket No. 78-806. Submitted October 3, 1978, at Escanaba.—Decided
November 7, 1978.

Dennis A. Kennedy, a pedestrian, was injured when struck by an
automobile. He was insured by a policy of automobile insurance
issued by Auto-Owners Insurance Company. Kennedy claimed
he was entitled to work loss benefits, and when Auto-Owners
refused to pay, Kennedy brought an action against Auto-Own-
ers for a declaratory judgment of liability and for a determina-
tion of benefits. The Alger Circuit Court, William F. Hood, J.,
found that Kennedy was entitled to benefits and awarded
benefits in an amount equal to earnings from a full-time job. At
the time of the accident, plaintiff was temporarily unemployed,
having left a summer job to return to college for the fall term.
Auto-Owners appeals, alleging that Kennedy is not entitled to
work loss benefits or, alternatively, that the trial court's deter-
mination of benefits was in error. *Held:*

1. Kennedy is entitled to receive work loss benefits. The
intent of the Legislature as expressed in the no-fault automo-
bile insurance statute was to compensate accident victims for
loss of income whether from full-time or part-time employment.

2. The trial court's determination of benefits was in error.
The amount of benefits should be determined upon the basis of
the plaintiff's past work record as a student and part-time
employee.

Remanded for further proceedings.

1. APPEAL AND ERROR—STATUTES—CONSTRUCTION—INTENT OF LEGIS-
LATURE.

It is the purpose of the Court of Appeals, when construing a
statute, to determine and to give effect to the intent of the
Legislature.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2-4] Am Jur 2d New Topic Service, No-Fault Insurance § 29.
[5] 3 Am Jur 2d, Agreed Case §§ 23, 29.

2. Automobiles—Insurance—No-Fault Insurance—Work Loss
   Benefits—Temporarily Unemployed Persons—Statutes.

   The intent of the Legislature in enacting the work-loss provision
   of the no-fault automobile insurance statute was to compensate
   for work loss even those persons temporarily unemployed at
   the time of their injury; the statute provides for compensation
   regardless of whether the victim was employed full time or
   part time (MCL 500.3107, 500.3107a; MSA 24.13107,
   24.13107[1]).

3. Automobiles—Insurance—No-Fault Insurance—Work Loss
   Benefits—Temporarily Unemployed Persons—Statutes.

   Work loss benefits for temporarily unemployed persons under the
   no-fault automobile insurance statute are to based upon previ-
   ous earnings, not future possibilities (MCL 500.3107a; MSA
   24.13107[1]).

4. Automobiles—Insurance—No-Fault Insurance—Work Loss
   Benefits—Level of Benefits.

   A trial court erred in determining the level of work loss benefits
   payable under a no-fault automobile insurance policy based
   upon a full-time year-round job to a college student who had
   left his summer job to return to college and was injured during
   this period of unemployment; benefits should be awarded on
   the basis of the student's past work record.

5. Trial—Discretion of Court—Evidence—Additional Proofs.

   It was within a trial court's discretion to permit a party to offer
   additional proofs after the case had been submitted on an
   agreed statement of facts and had been argued by counsel
   where the party did not seek to contradict anything in the
   agreed statement of facts but sought only to prove additional
   facts necessary to the decision of the court.

*Nebel & Revord,* for plaintiff.

*Hansley, Neiman, Peterson, Beauchamp, Stupak
& Bergman, P.C.,* for defendant.

Before: J. H. Gillis, P.J., and D. E. Holbrook
and R. M. Maher, JJ.

Per Curiam. Plaintiff was struck by an automo-
bile while walking along a road in Alger County.

He suffered severe damage to his left leg, necessitating repeated surgery, requiring him to wear a leg cast for many months, and leaving him with a shortened left leg.

Plaintiff was insured under a policy of automobile insurance issued by defendant Auto-Owners Insurance Company. When defendant refused to pay plaintiff's claimed work loss benefits, as authorized by MCL 500.3107; MSA 24.13107, plaintiff brought this action for a declaratory judgment of liability and for a determination of benefits. The trial court found that plaintiff was entitled to work loss benefits, and awarded him an amount equal to earnings from a full-time job from the date of the accident to the date of judgment. The court further ordered payment of benefits to continue as long as plaintiff continued disabled, up to the statutory maximum of 36 months. From that judgment defendant brings this appeal, alleging that plaintiff is not entitled to work loss benefits and, alternatively, that the trial court erred in determining the amount of benefits to which plaintiff is entitled.

Resolution of the issues presented in this case requires that we construe the work loss benefits provisions of the no-fault insurance statute, MCL 500.3107; MSA 24.13107 and MCL 500.3107a; MSA 24.13107(1). In so doing, we keep in mind that our aim is to determine and to give effect to the intent of the Legislature, see *Attorney General ex rel Insurance Commissioner v Michigan Property & Casualty Guaranty Ass'n,* 80 Mich App 653; 263 NW2d 918 (1978), and cases cited therein.

During the 1974–75 school year plaintiff had been a student at Northern Michigan University; at the time of the accident he had enrolled for the 1975–76 year. During the summer plaintiff had

been employed full time, his last job earning him a wage of $3.25 per hour. During the first semester of the preceding school year, plaintiff had been employed part time by the university.

Defendant first contends that because plaintiff was not employed at the time of the accident, he suffered no loss of wages and is therefore not entitled to any work loss benefits whatsoever. This argument, however, ignores the clear intent of the Legislature to compensate for work loss even those persons temporarily unemployed at the time of the injury. This intent was made clear by MCL 500.3107a; MSA 24.13107(1), which provides:

"Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident."[1]

Defendant argues that plaintiff is not a temporarily unemployed person within the meaning of § 3107a because he voluntarily left his job to return to college. Defendant contends that the Legislature intended to compensate only those temporarily unemployed persons who intended to return to the same job or at least to a similar, full-time job. We do not think the Legislature so intended to limit the class of unemployed persons eligible for benefits. Nothing in the statute expressly limits eligibility for work loss benefits to full-time employees. Section 3107 (MCL 500.3107; MSA 24.13107) provides that benefits are payable for "work loss consisting of loss of income from work

---

[1] Although this section was added by 1975 PA 311, effective December 22, 1975, it has been held to be retroactive to the date of the original enactment of the no-fault statute, *Harper v Progressive Casualty Ins Co,* 79 Mich App 764; 263 NW2d 1 (1977).

an injured person would have performed * * * if he had not been injured". We think a reasonable interpretation of the statute requires a finding that the Legislature intended to compensate accident victims for all loss of income, whether from full-time or part-time employment, resulting from injuries suffered in an automobile accident. Clearly, if plaintiff can show that he would have been employed part-time or seasonally[2] but for his injury, he has suffered loss of income as a result of that injury, for which loss he should be compensated.

There remains the question of how to determine the amount of benefits to which plaintiff is entitled. The trial court looked to plaintiff's work history as the basis for its decision on the award of benefits. In this we think the court was correct. By adopting § 3107a, providing that work loss benefits for temporarily unemployed persons should be based on income for the last month of employment prior to the accident, the Legislature clearly indicated its intention that work loss benefits be based on previous earnings, not future possibilities.

The trial court, however, relying on § 3107a, awarded plaintiff monthly benefits on the basis of a full-time, year-round job paying $3.25 per hour. In this we think the court erred. MCL 500.3107; MSA 24.13107 clearly limits recovery of work loss benefits to "loss of income from work which an injured person *would have performed*" had he not been injured, *Struble v Detroit Automobile Inter-Insurance Exchange,* 86 Mich App 245; 272 NW2d 617 (1978). Plaintiff is entitled to year-round payments for full-time work only if he would have

---

[2] For authority that the Legislature intended to compensate seasonally-employed workers, see the legislative analysis quoted in *Nawrocki v Hawkeye Security Ins Co,* 83 Mich App 135; 268 NW2d 317 (1978).

performed such work had he not been injured. The trial court in his findings of fact concluded:

"Except for the disability resulting from his injuries, plaintiff would have obtained employment while attending school. Plaintiff would have sought off-campus employment, because a school rule limited on-campus student employment to 20 hours a week. In addition to his work during the school year, plaintiff would have obtained full-time employment during the summer recess. If he had not planned to return to college in the fall of 1975, he would have obtained full-time employment."

Nowhere did the court indicate a finding that plaintiff would have worked full time at $3.25 per hour while attending college, nor would the evidence before the court support such a finding.

We therefore remand to the trial court for a new determination of the level of benefits to which plaintiff is entitled. If on the basis of plaintiff's past work record the court determines that he would have worked full time during the summer and part time during the school year, benefits shall be awarded on that basis.

Defendant also claims that the trial court erred in permitting plaintiff to offer additional proofs after the case had been submitted for decision on an agreed statement of facts and argued by counsel. We note that plaintiff did not seek to contradict any fact in the agreed statement of facts, but simply sought to prove additional facts necessary to the decision of the court. It is within the discretion of the trial court to permit such additional proofs, even after argument, *Thomas Canning Co v Johnson,* 212 Mich 243; 180 NW 391 (1920). That the court had orally indicated his intent to enter judgment for plaintiff is irrelevant, judgment not

having issued, *Nemes v Smith,* 37 Mich App 124; 194 NW2d 440 (1971).

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, construction of a statute being involved.