GERARDI v BUCKEYE UNION INSURANCE COMPANY

Docket No. 77-3480. Submitted June 23, 1978, at Detroit.—Decided March 19, 1979.

Plaintiff Catherine M. Gerardi was injured in an automobile accident while driving her father's car with permission. She brought an action for damages against the driver of the other car and later amended her complaint to join Buckeye Union Insurance Company, her father's no-fault insurer. The parties stipulated to the dismissal of the defendant driver. Plaintiff's action against Buckeye was for work-loss benefits under the work-loss section of the no-fault statute. Plaintiff alleged that she had been a full-time student enrolled in Wayne State University's registered nursing program at the time of the accident and because of the accident she had to delay her studies one year and lost approximately $13,500 in income and fringe benefits that she would have earned as a registered nurse within the three years following the accident. Defendant asserts that it has no duty to pay work-loss benefits to plaintiff on the grounds that the work-loss section of the no-fault statute retroactively amended the no-fault act to require payment only to those persons who were employed or had been employed at the time of an accident and because plaintiff did not allege actual employment, her complaint fails to state a cause of action. Defendant's motion for summary judgment was denied, Wayne Circuit Court, William L. Cahalan, J. Defendant appeals. *Held:*

The amendment to the work-loss section of the no-fault act is retroactive to the effective date of the statute and this section, as amended, provides benefits for actual work loss only and not for future earning capacity or earning possibilities. A plaintiff is required to allege actual loss of income that would have been earned but for the accident. There must be previous earnings upon which work loss may be calculated; therefore, a claim for wages which could have been earned in the future is a claim

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] New Topic Service Am Jur 2d, No-Fault Insurance § 29.

[3] New Topic Service Am Jur 2d, No-Fault Insurance § 1.

for loss of earning capacity and is not recoverable under the act.

Reversed.

1. AUTOMOBILES — INSURANCE — NO-FAULT ACT — WORK LOSS — LOSS OF EARNING CAPACITY — STATUTES.

The Legislature intended to provide benefits for actual work loss only and not for earning capacity in enacting the work-loss section of the no-fault act (MCL 500.3107, 500.3107a; MSA 24.13107, 24.13107[1]).

2. AUTOMOBILES — INSURANCE — NO-FAULT ACT — WORK LOSS — BENEFITS — UNEMPLOYED WORKERS — PAST WAGES — EARNING CAPACITY — INSURERS — RESOLUTION OF CLAIMS — STATUTES.

The work-loss section of the no-fault act provides a method to compute work-loss benefits for workers unemployed at the time of their injury by adopting actual past wages as the appropriate standard; the thrust of this legislation is to calculate loss based on actual earnings, not future possibilities, and it facilitates resolution of claims against an insurer through the use of a quantifiable standard of loss to avoid the delays under the former "fault" system (MCL 500.3107a; MSA 24.13107[1]).

3. AUTOMOBILES — INSURANCE — NO-FAULT ACT — PURPOSE — ECONOMIC LOSSES — PROMPT COMPENSATION.

The purpose of the no-fault act is to insure prompt compensation for economic losses incurred by persons injured in automobile accidents.

4. AUTOMOBILES — INSURANCE — NO-FAULT ACT — WORK LOSS — RETROACTIVE APPLICATION — STATUTES.

An amendement to the work-loss section of the no-fault act is retroactive to the effective date of the statute (MCL 500.3107a; MSA 24.13107[1]).

5. AUTOMOBILES — INSURANCE — NO-FAULT ACT — WORK LOSS — BENEFITS — LOSS OF EARNED INCOME — FUTURE INCOME.

Recovery of benefits under the work-loss section of the no-fault act requires a plaintiff to allege actual loss of income that would have been earned but for an accident; there must be previous earnings upon which work loss may be calculated; a claim for wages which could have been earned in the future is a claim for loss of earning capacity and is not recoverable under the act.

*Harvey, Kruse & Westen, P.C.* (by *Ronald E. Westen* and *Thomas R. Bowen),* for plaintiff.

*Kerr, Wattles & Russell* (by *Patrick McLain),* for defendant.

Before: D. C. Riley, P.J., and M. F. Cavanagh and B. M. Hensick,\* JJ.

M. F. Cavanagh, J. Defendant, Buckeye Union Insurance Company, appeals from the trial court's denial of its motion for summary judgment under GCR 1963, 117.2(1).

The parties have stipulated to the underlying facts. Plaintiff was injured in an automobile accident on October 1, 1973, while she was driving her father's car with his permission. In September, 1975, she filed suit against the driver of the other car. Plaintiff later amended her complaint to join the defendant-appellant, her father's no-fault insurer, for failure to pay work-loss benefits owing under his policy.[1] As the basis for her claim for work-loss benefits from the defendant, pursuant to MCL 500.3107; MSA 24.13107, plaintiff alleged that she had been a full-time student enrolled in Wayne State University's registered nursing program at the time of the accident. As the result of her injuries, plaintiff claimed she had to delay her studies one year and "lost approximately $13,500 in income and fringe benefits * * * she would have earned as a registered nurse within 3 years" following the accident. Defendant asserts that it has no duty to pay work-loss benefits to plaintiff on the grounds that MCL 500.3107a; MSA 24.13107(1) retroactively amended the no-fault act to require

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The parties have stipulated as to the dismissal of the complaint as to the defendant driver.

payment only to those persons who were employed or had been employed at the time of the accident. Because plaintiff did not allege actual employment, defendant argues that her complaint fails to state a cause of action. Therefore, defendant contends that the trial court erred in denying its motion for summary judgment.

In framing the issues on appeal, the parties have focused on whether MCL 500.3107a; MSA 24.13107(1), enacted in 1975, is retroactive to the original effective date of the no-fault act, thereby amending the original work-loss provision, MCL 500.3107; MSA 24.13107. Defendant argues that the amendment constitutes only a procedural change in the law regarding the manner in which work-loss benefits are to be computed, and as such, is retroactive. Plaintiff asserts that MCL 500.3107a; MSA 24.13107(1) works a substantive change in the no-fault act, and should therefore be applied prospectively.

The nature of the relationship between MCL 500.3107; MSA 24.13107, the original work-loss provision of the no-fault act, and MCL 500.3107a; MSA 24.13107(1) which supplemented it, appears to have been settled. First, two recent decisions of this Court, *Struble v Detroit Automobile Inter-Insurance Exchange,* 86 Mich App 245; 272 NW2d 617 (1978), and *Nawrocki v Hawkeye Security Ins Co,* 83 Mich App 135; 268 NW2d 317 (1978), have relied upon the legislative history of MCL 500.3107a; MSA 24.13107(1) to construe the term "work loss" as used in the original work-loss provision. These decisions concluded that the Legislature intended to provide work-loss benefits for actual loss, but excluded recovery for loss of earning capacity. In addition to illuminating the legislative intent regarding work-loss recovery in gen-

eral, MCL 500.3107a; MSA 24.13107(1) also provided a method to compute work-loss benefits for workers unemployed at the time of their injury. By adopting actual past wages as the appropriate standard for unemployed workers, the Legislature merely emphasized that the thrust of the work-loss provision in all cases was to calculate loss based on actual earnings, not on future possibilities. *Kennedy v Auto-Owners Ins Co,* 87 Mich App 93; 273 NW2d 599 (1978). This interpretation is consistent with the purpose of the no-fault act to insure prompt compensation for economic loss incurred by persons injured in automobile accidents, *Shavers v Attorney General,* 402 Mich 554, 622-623; 267 NW2d 72 (1978). It facilitates resolution of claims against an insurer through use of a quantifiable standard of loss to avoid the delays inherent under the former "fault" system.

Secondly, the Court in *Harper v Progressive Casualty Ins Co,* 79 Mich App 764; 263 NW2d 1 (1977), has concluded that MCL 500.3107a; MSA 24.13107(1) is retroactive to the effective date of the no-fault act. There, the reviewing Court also examined the legislative history of the amendment to determine that the purpose of this section was to rectify an oversight in the original work-loss provision. The opinion pointed to the prompt legislative response to the dilemma of unemployed workers who appeared to be outside the scope of MCL 500.3107; MSA 24.13107 because they could show no actual wages lost due to injury. The *Harper* Court concluded that the amendment may be viewed "as a legislative interpretation of the original act rather than as a substantial change of it" and was to be applied retroactively. *Harper, supra,* at 769.

Therefore, under either analysis, plaintiff must

allege an actual loss of income that she would have earned but for the accident. At the time of her injury the plaintiff still had one year remaining before completion of her nursing studies. Obviously, plaintiff would not have been able to work as a registered nurse prior to her accident; she thus has no previous earnings as a nurse upon which work loss may be calculated. Neither can plaintiff demonstrate that during the year lost as a result of the accident, she would have received income working as a registered nurse. Presumably, plaintiff would have spent that year completing the necessary academic requirements.

A fair reading of the complaint reveals that the plaintiff is in fact alleging a loss of wages she could have earned in the future as a registered nurse, but for the delay in her studies. As pointed out in *Nawrocki, supra,* such an allegation states a claim for recovery of loss of earning capacity, a tort recovery eliminated by the no-fault act.

We therefore find that the trial court erred in denying defendant's motion for summary judgment and reverse.