GOBLER v AUTO-OWNERS INSURANCE COMPANY

Docket No. 63718. Submitted January 3, 1984, at Lansing.—Decided December 18, 1984.

Steven Gobler, an unemployed, full-time student, was killed in an automobile accident just after taking his last final examination as a college student. Linda K. Gobler, Steven's widow, filed an application for survivor's benefits with Auto-Owners Insurance Company, Steven's no-fault automobile insurer. Auto-Owners refused to pay survivor's benefits for the reason that Steven was unemployed at the time of his death. Linda Gobler filed suit against Auto-Owners in Ingham Circuit Court seeking to recover survivor's benefits. The trial court, relying on Steven Gobler's past record of schooling and employment and on testimony of a Civil Service staffing specialist for the U. S. Forestry Service, found that Steven would have sought and secured full-time employment with the U. S. Forestry Service. The court also concluded that Linda Gobler had shown by a preponderance of evidence that Steven's wages would have been contributed to plaintiff's support. A judgment of $24,985, based on what Steven Gobler would have earned working for the U. S. Forestry Service, was awarded to plaintiff, along with 12% per annum penalty interest and attorney fees, James R. Giddings, J. Defendant appealed. *Held:*

1. The trial court's finding that Steven Gobler would have contributed his wages to plaintiff's support is not clearly erroneous. Defendant's argument that a survivor must prove the amount he or she would actually receive for the survivor's own individual support is without merit.

2. The trial court did not err by considering the testimony of the Civil Service staffing specialist in determining if plaintiff was entitled to survivor's benefits based on lost income. That testimony was relevant to determining what amount, if any,

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobile Insurance § 363.
Entitlement of child, spouse, parent, or other person to survivor's loss benefit under no-fault insurance acts. 12 ALR4th 975.
[2] 7 Am Jur 2d, Automobile Insurance § 361.

plaintiff would have received for support from Steven had he not been killed.

3. Defendant's contention that the Legislature intended that survivors be compensated for lost income only if they can prove that the deceased was employed on the date of death is rejected.

4. The trial court's finding that Steven Gobler would have been employed by the U. S. Forestry Service is clearly erroneous. The court improperly awarded survivor's benefits based on the evidence presented at trial. Furthermore, the trial court's awarding of penalty interest and attorney's fees was clearly erroneous. The plaintiff should not have been awarded survivor's benefits. The case is reversed and remanded for a judgment of no cause of action in favor of defendant.

Reversed and remanded.

M. J. KELLY, P.J., concurred in part and dissented in part. He does not agree that the trial court clearly erred in finding that Steven Gobler would have been employed by the U. S. Forestry Service if he had survived the accident. He would affirm the trial court's award of survivor's benefits, penalty interest and attorney fees to plaintiff.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — SURVIVOR'S BENEFITS — CONTRIBUTIONS TO SUPPORT.

A person seeking survivor's benefits under the no-fault automobile insurance act need not prove the amount he or she would actually receive for his or her own individual support; the calculation of survivor's benefits takes into account all demonstrable contributions to support that would have been made to the survivor by the deceased but for his death, less an adjustment for income taxes that would have been paid by the deceased had he lived, but without consideration of a "personal consumption factor" for personal expenses of the decedent which were avoided by reason of the death (MCL 500.3108; MSA 24.13108).

2. INSURANCE — NO-FAULT INSURANCE — SURVIVOR'S BENEFITS — ACTUAL LOSS OF INCOME — LOSS OF EARNING CAPACITY.

The survivor's benefits provision of the no-fault automobile insurance act should be interpreted in a manner similar to the work-loss provision, *i.e.,* the person seeking survivor's benefits must allege actual loss of income that the decedent would have earned but for the death; a claim for wages which could have been earned in the future is a claim for loss of earning capacity

and is not recoverable under the act (MCL 500.3107[b], 500.3108; MSA 24.13107[b], 24.13108).

3. Insurance — No-Fault Insurance — Survivor's Benefits.

Survivor's benefits under the no-fault automobile insurance act should not be awarded where the benefits would have to be based upon employment the decedent might have obtained had he survived (MCL 500.3108; MSA 24.13108).

Partial Dissent by M. J. Kelly, P.J.

4. Insurance — No-Fault Insurance — Survivor's Benefits.

*Survivor's benefits under the no-fault automobile insurance act may be properly awarded to a plaintiff whose husband was unemployed but had applied for a position in the U. S. Forestry Service at the time of his death where, based upon an Inquiry of Availability recevied by the plaintiff after the death of her husband and upon testimony by the Civil Service staffing specialist for the U. S. Forestry Service as to the likelihood of the husband's employment, the husband would have been employed by the U. S. Forestry Service at the salary and benefit level and as of the commencement date testified to by the staffing specialist.*

*James G. Halverson & Associates, P.C. (by James G. Halverson),* for plaintiff.

*Denfield, Timmer & Taylor (by John W. Cotner),* for defendant.

Before: M. J. Kelly, P.J., and Allen and R. S. Hoffius,* JJ.

Per Curiam. This is an action to recover survivor's benefits pursuant to § 3108 of the no-fault act, MCL 500.3108; MSA 24.13108. Following a bench trial, the trial court entered judgment for plaintiff in the amount of $24,985. Plaintiff was also awarded 12% per annum penalty interest and attorney fees. Defendant appeals as of right.

Plaintiff is the surviving widow of Steven Gobler, who was killed in an automobile accident on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

March 16, 1976. Defendant was Steven Gobler's no-fault automobile insurer. At the time of his death, Gobler was unemployed and had just completed his last final exam as a full-time college student at Michigan State University. He had completed his work toward a degree in forestry.

At the time of Steven Gobler's death, his plans were to pursue a career in forestry on the West Coast. In filing the application for survivor's benefits, plaintiff Linda Gobler answered the question on the form relative to her deceased husband's employer, occupation, and dates of employment by stating, "None, student at MSU". Defendant paid the ambulance bill, hospital bill, and funeral bill for the deceased but denied survivor's benefits to plaintiff based upon the fact that Steven Gobler was unemployed at the time of his death.

In December, 1977, plaintiff filed a complaint for breach of the insurance contract, unreasonable refusal to pay, and fraud and bad faith, seeking survivor's benefits, penalty interest, attorney fees, and exemplary damages. In January, 1980, the trial court granted defendant partial accelerated judgment on the one-year statute of limitations, which barred plaintiff's claim for survivor's benefits for nine months following decedent's death and limited her claim to 27 months.

At the trial in November, 1981, there was evidence that plaintiff and the deceased were married in 1971. Both attended school and worked part-time. Plaintiff and the deceased lived together sharing expenses and income.

Steven Gobler was last employed from July to November, 1975, by the U. S. Forestry Service, and had earned $4,064.86. He then returned to Michigan State University as a full-time student in January, 1976, and continued as a student without

any employment until the date of the accident, which was the day he took his last final exam.

Steven Gobler's last full-time employment, before becoming a full-time student at Michigan State University, was in 1973 with the Pontiac Motors Division of General Motors Corporation, where he had earned $11,113.16. He worked a short time in summer employment in 1975 at the Pontiac Division of General Motors and earned less than $300.

Prior to his death, Steven Gobler had filed an application with the U. S. Forestry Service on the Civil Service Register. His name appeared on a certificate of eligibility issued by the Civil Service Commission. Six months after Gobler's death, in September, 1976, a letter was received by plaintiff, addressed to decedent, which contained a form entitled "Inquiry of Availability" inquiring about the availability of all eligibles, including Steven Gobler, for employment. At the trial, the trial judge sustained defendant's objection to the testimony of Shelagh Reed, who was employed as a U. S. Forestry Service staffing specialist in 1976. A separate record was taken of her testimony, as the court ruled that such testimony was irrelevant and immaterial.

Shelagh Reed, staffing specialist responsible for recruiting employees for the U. S. Forestry Service, testified that she sent the inquiry of availability to six persons on the Civil Service Register to find out who was available to fill three open positions. The position, which was the subject of the inquiry, carried a definite salary, benefit level, and commencement date. Only one of the six replied to the inquiry as being available and that person was offered a position. Ms. Reed testified that, had he indicated availability, it was likely that Steven Gobler would have been offered a position.

At the conclusion of the trial, the trial judge found, based on Gobler's past record of schooling and employment, that Gobler would have sought and secured full-time employment. The judge concluded that plaintiff had shown by a preponderance of evidence that Gobler's wages would have been contributed to plaintiff's support and determined that the award should be based on the annualization of $4,064.86, plus interest, that Gobler had earned from his last employment. Plaintiff was also awarded penalty interest and attorney fees.

Defendant filed written objections to the proposed judgment. Relying on *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251; 282 NW2d 794 (1979), the trial judge reversed his earlier ruling and said he would consider the testimony of Shelagh Reed. The trial judge awarded plaintiff survivors' benefits based on what Steven Gobler would have earned working for the U. S. Forestry Service. Plaintiff was further awarded an attorney fee of one-third of the total sum of the judgment and penalty interest.

The primary issue raised in this appeal is whether the trial court properly found that plaintiff was entitled to survivor's benefits and, if so, how those benefits should be calculated. At the times relevant to this action, § 3108 read in pertinent part:

"Personal protection insurance benefits are payable for a survivors' loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of his death would have received for support during their dependency from the deceased if he had not suffered the accidental bodily injury causing death * * *. The

benefits payable for survivors' loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 and is *[sic]* not payable beyond the first 3 years after the date of the accident." MCL 500.3108; MSA 24.13108.

Under § 3110(1)(a), MCL 500.3110(1)(a); MSA 24.13110(1)(a), plaintiff is conclusively presumed to be a dependent of Steven Gobler. The trial court's finding that Steven Gobler would have contributed his wages to plaintiff's support is not clearly erroneous. GCR 1963, 517.1. Defendant's argument, that a survivor must prove the amount he or she would actually receive for the survivor's own individual support, is without merit. This would allow a deduction of a personal consumption factor contrary to the express ruling of *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538; 302 NW2d 537 (1981).

Defendant argues that the trial court improperly considered the testimony of Shelagh Reed in determining if plaintiff was entitled to survivor's benefits based on lost income. We disagree. Although Steven Gobler was unemployed at the time of the accident, the testimony of Shelagh Reed was relevant to determining under § 3108 what amount, if any, plaintiff *"would have received* for support * * * from the deceased if the deceased had not suffered the accidental bodily injury causing death * * *"*. (Emphasis added.) Moreover, § 3110(4) provides that "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or *survivors' loss is incurred"*. MCL 500.3110(4); MSA 24.13110(4). (Emphasis added.) Thus, we do not agree with defendant's contention that the Legislature intended that survivors be compensated for lost income only if they

can prove that the deceased was employed on the date of death.

Section 3107(b) provides for work-loss benefits, "consisting of loss of income from work an injured person *would have performed* during the first 3 years after the date of the accident if he had not been injured * * *". MCL 500.3107(b); MSA 24.13107(b). (Emphasis added.) MCL 500.3107a; MSA 24.13107(1) provides work-loss benefits for an injured person who is temporarily unemployed based on earned income for the last month employed full time preceding the accident. Thus, if a person is temporarily unemployed at the time of the accident, his work-loss benefits are calculated pursuant to § 3107a. However, this Court has held that because work loss is based on work the injured person "would have performed", the trier of fact is allowed to consider what the injured person would have earned after his temporary unemployment would have ended. *Lewis v Detroit Automobile Inter-Ins Exchange, supra.* In *Lewis*, the plaintiff presented testimony that he was laid off from his job and but for the accident would have been called back to work on a specific date and would have received regular increases in his pay. However, in order to recover work-loss benefits, plaintiff must allege an actual loss of wages, as opposed to loss of earning capacity, in order to recover under § 3107(b). *Gerardi v Buckeye Union Ins Co,* 89 Mich App 90, 95; 279 NW2d 588 (1979).

We believe that § 3108, providing for survivor's benefits a dependent "would have received", should be interpreted in a manner similar to § 3107(b), providing for work-loss benefits for work an injured person "would have performed". Thus, in the present case, the trial judge properly considered the testimony of Shelagh Reed to determine if plaintiff should be awarded benefits based on

wages she would have received for support from
Steven Gobler's employment during the first three
years after the accident.

We hold, however, that the trial judge's finding
that Steven Gobler would have been employed by
the U. S. Forestry Service is clearly erroneous.
GCR 1963, 517.1. The evidence presented at trial
showed that on the date of Steven Gobler's death,
he was not employed. It was only on September 6,
six months after Gobler's death, when an "Inquiry
of Availability" was received by his wife, that the
possibility of employment occurred. This was not
an offer of employment, and because of Gobler's
death, he could not respond to indicate his interest
in the potential positions which might be offered.
Since the evidence presented at trial did not sup-
port an award of survivor's benefits based on the
inquiry of availability and Steven Gobler was oth-
erwise unemployed, the trial judge improperly
awarded survivor's benefits.[1]

The trial court also awarded plaintiff penalty
interest and attorney's fees, based on its interpre-
tation of the language in *Kennedy v Auto-Owners
Ins Co,* 87 Mich App 93; 273 NW2d 599 (1978).
This was clearly error. See *English v Home Ins Co,*
112 Mich App 468, 475-476; 316 NW2d 463 (1982).

Based on the foregoing, this Court is of the
opinion that plaintiff should not have been
awarded survivor's benefits. This case is reversed
and remanded for a judgment of no cause of action
in favor of defendant.

---

[1] It is argued that because Steven Gobler was unemployed at the
time of the accident, plaintiff's survivor's benefits should be calculated
based on § 3107a, MCL 500.3107a; MSA 24.13107(1). Plaintiff's claim
is for survivor's benefits under § 3108. Therefore, it would be im-
proper to base an award on the work-loss provision of § 3107a. See
*Davey v Detroit Automobile Inter-Ins Exchange,* 414 Mich 1, 12; 322
NW2d 541 (1982); *Cole v Detroit Automobile Inter-Ins Exchange,* 137
Mich App 603; 357 NW2d 898 (1984).

Reversed and remanded. No costs, a question of public significance being involved.

M. J. KELLY, P.J. *(concurring in part and dissenting in part).* I agree that the appropriate inquiry in determining whether survivor's benefits should be awarded under MCL 500.3108; MSA 24.13108 is whether the dependent would have received the support from the decedent if the decedent had not suffered the fatal injury. I cannot, however, agree that the trial court in this case clearly erred in finding that Steven Gobler would have been employed by the U. S. Forestry Service if he had survived the accident. The majority's opinion conveys the impression that the trial court's finding was based solely on plaintiff's receipt of the Inquiry of Availability, which admittedly was not an offer of employment. However, I believe that the trial court considered the Inquiry of Availability in conjunction with the testimony of Shelagh Reed. I am thus not left with a firm and definite belief that a mistake has been committed by the trial court in finding that Steven Gobler would have been employed by the U. S. Forestry Service at the salary and benefit level and as of the commencement date testified to by Reed. *Precopio v Detroit,* 415 Mich 457, 462; 330 NW2d 802 (1982); *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). I would affirm.