GRIER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 88737. Submitted October 21, 1986, at Detroit. Decided
April 15, 1987. Leave to appeal applied for.

Following Walter Grier's death as a result of injuries sustained in
an automobile accident, Mary H., Marcus, and Daryl Grier
brought an action in Wayne Circuit Court against Detroit
Automobile Inter-Insurance Exchange and Auto Club Insurance
Association. Trial was conducted on stipulated facts, the sole
issue being the manner in which plaintiffs' survivor's loss
benefits were to be calculated in view of the fact that the
decedent was temporarily unemployed at the time of the acci-
dent which caused his death. The trial court, Sharon Tevis
Finch, J., ruled that plaintiffs' benefits should be based upon
the decedent's last month of employment. Defendants appealed.

The Court of Appeals *held:*

1. Survivor's loss benefits are payable to replace the contribu-
tions a survivor would have received from the decedent but for
the decedent's death. To what extent wages would have been
received by the decedent and, in turn, would have contributed
to the survivor's support had the decedent not died is a ques-
tion of fact upon which proofs must be submitted.

2. The trial court erred in analogizing the computation of
survivor's loss benefits in this case to that provided by statute
with regard to work-loss benefits for a claimant who is tempo-
rarily unemployed at the time of his accident.

Reversed and remanded.

INSURANCE — NO-FAULT — SURVIVOR'S LOSS BENEFITS.

Survivor's loss benefits are payable to replace the contributions a
survivor would have received from the decedent but for the
decedent's death; thus, where the decedent was temporarily
unemployed at the time of the accidental bodily injury which
led to his death, survivor's loss benefits may not be based on

REFERENCES

Am Jur 2d, Automobile Insurance § 363.
Entitlement of child, spouse, parent, or other person to survivor's
loss benefit under no-fault insurance acts. 12 ALR4th 975.

the decedent's compensation for the last month during which he was employed, but rather proof must be submitted as to the extent wages would have been received had the decedent not died (MCL 500.3108[1]; MSA 24.13108[1]).

*Posner, Posner & Posner* (by *Gerald F. Posner*), for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *George J. David*), and *MacArthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), attorneys of counsel, for defendants.

Before: D. F. WALSH, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Defendants, Detroit Automobile Inter-Insurance Exchange and Auto Club Insurance Association, appeal from a judgment awarding plaintiffs $21,660 in principal as no-fault insurance survivor's loss benefits. Trial was conducted on stipulated facts, and the sole issue at trial and on appeal is the manner in which plaintiffs' benefits are to be calculated under MCL 500.3108; MSA 24.13108. The parties' dispute focuses upon whether the earnings of plaintiffs' decedent, who was temporarily unemployed at the time of his death, should be calculated according to the amount he earned during his last month of employment, or by proofs of what he would have earned in the future if he had lived. The trial court ruled that plaintiffs' benefits should be based upon the decedent's last month of employment. We reverse.

Survivor's loss benefits are provided for in MCL 500.3108(1); MSA 24.13108(1), which states in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> [P]ersonal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death.

Determining what plaintiffs "would have received" from decedent requires the trial court to predict the future. This task was complicated here, where plaintiffs' decedent was temporarily unemployed at the time of his death. Thus, plaintiffs urge the trial court to adopt by analogy the formula applicable to work-loss benefits for injured persons set forth in MCL 500.3107a; MSA 24.13107(1). That section provides:

> Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident.

Section 3107(b) of the no-fault act, MCL 500.3107(b); MSA 24.13107(b), in turn defines work loss to include lost income that an injured worker "would have performed" had he not been injured. It also specifies that such work loss does not include any loss after the date on which the injured person dies. Thus, by the act's own terms, the artificial formula for determining work loss set forth in § 3107a does not apply when the injured person dies.

We agree with the plaintiffs and the trial court that the no-fault act was intended in part to lessen

administrative delays and factual disputes that would interfere with expeditious compensation. *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538, 568; 302 NW2d 537 (1981), reh den 411 Mich 1154 (1981). However, that goal cannot be relied upon to ignore the plain and explicit language of the act, which specifies that the formula set forth in § 3107a does not apply when an injured person dies. The plain meaning of the statute controls and must be applied as written. *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986). We also find plaintiffs' argument of analogy unpersuasive. If the Legislature had desired to impose an artificial formula to measure survivor's loss benefits, it would have done so. Cf., *City of Saugatuck v Saugatuck Twp,* 157 Mich App 52; 403 NW2d 100 (1987). Instead, the Legislature stated that survivor's loss benefits are payable to replace the contributions the survivors "would have received" but for the decedent's death. Similar language employed by the Legislature regarding work-loss benefits in § 3107(b) confers benefits only for *actual* loss of income. *Ouelette v Kenealy,* 424 Mich 83, 86-87; 378 NW2d 470 (1985); *Lenart v DAIIE,* 156 Mich App 669; 401 NW2d 900 (1986). To what extent wages would have been received but for the injury is a question of fact upon which proofs must be submitted. *Swartout v State Farm Mutual Automobile Ins Co,* 156 Mich App 350; 401 NW2d 364 (1986).

Thus, we agree with *Cole v DAIIE,* 137 Mich App 603, 608; 357 NW2d 898 (1984), that survivor's loss benefits are not payable during periods for which the decedent would not have earned income even if he had not been involved in the automobile collision. The formula of § 3107a does not apply. *Gobler v Auto-Owners Ins Co,* 139 Mich App 768,

776 n 1; 362 NW2d 881 (1984), lv gtd 424 Mich 877 (1986). Rather, benefits must be confined to those the survivors "would have received" if the decedent had not died. *Cole, supra.*

In the instant case, the trial court erred in imposing an artificial measurement of survivor's loss benefits, as the formula set forth in § 3107a is applicable only to work-loss benefits. Plaintiffs' recovery must be confined to what they would have received absent the automobile collision involving decedent. Accordingly, the trial court is reversed and this case remanded for proceedings consistent with this opinion.