# Order

Michigan Supreme Court
Lansing, Michigan

January 22, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139907

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

SHAWN ADAMS,
      Defendant-Appellee.

_____/

SC: 139907
COA: 286915
Wayne CC: 08-007633-FH

On order of the Court, the application for leave to appeal the October 1, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Wayne Circuit Court for further proceedings not inconsistent with this order. When reviewing courts assess a magistrate's conclusion that probable cause to search existed, courts are to consider the underlying affidavit in a "common-sense and realistic manner." *People v Russo,* 439 Mich 583, 604 (1992), Reviewing courts must also pay deference to a magistrate's determination that probable cause existed. This deference "requires the reviewing court to ask only whether a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *Id.* at 603, quoting *Illinois v Gates*, 462 US 213, 236 (1983). Here the affidavit by Officer DeKiere provided the magistrate with more-than-adequate grounds to conclude there was a "fair probability" that contraband and additional evidence of a crime would be found at the defendant's residence. *Id.* at 604. The Court of Appeals erred in concluding otherwise.

Moreover, the Court of Appeals further erred by relying on *United States v Leon,* 468 US 897 (1984), to rule that the good-faith exception to an improperly issued search warrant could not apply in this case because the police officer who supplied the underlying affidavit for the search warrant also executed the warrant. Regardless of whether there was probable cause for the issuance of the search warrant of the defendant's premises in this case, there is no evidence that the officer provided an affidavit so lacking in indicia of probable cause as to render his subsequent official belief in its existence entirely unreasonable. *Id.* at 919-921. The evidence shows that the officer executed the warrant with a good-faith belief that it was properly issued.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2010

*Corbin R. Davis*

Clerk

0114