# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RAHIM DAVANTE BOOKER,

        Defendant-Appellee.

FOR PUBLICATION
February 18, 2016
9:00 a.m.

No. 329055
Oakland Circuit Court
LC No. 2015-146683-AR

Before: STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] an order of the Oakland Circuit Court affirming the 47th District Court's order suppressing the results of a preliminary breath test in this matter where defendant has been charged with one count of possession of a firearm under the influence, MCL 750.237. We reverse and remand.

On October 31, 2014, members of the Farmington Hills Police Department were dispatched to an apartment complex to investigate a robbery. While the officers were searching the parking lot of the complex for the suspect, they observed two individuals, defendant and an unidentified woman, seated in the backseat of a vehicle. When the officers asked defendant and the woman to exit the vehicle, they observed multiple alcoholic beverages in the vehicle. Defendant advised that he had a concealed pistol license and directed officers to a firearm located in the pocket on the back of the driver's seat.

The officers subsequently administered a preliminary breath test (PBT) to defendant. The results of the test showed 0.15 grams of alcohol per 210 liters of breath. Shortly thereafter, the officers received a call regarding the robbery they were investigating and had to leave the scene. Before they left, the officers confiscated defendant's weapon. Defendant was informed of the charge against him when he later went to the police station to retrieve his weapon.

---

[1] *People v Booker*, unpublished order of the Court of Appeals, entered October 16, 2015 (Docket No. 329055).

Defendant subsequently filed a motion to suppress the results of his PBT in the district court. Defendant argued that the results of the test were inadmissible as proof of his intoxication at the time he possessed his firearm. Defendant reasoned that because MCL 750.237 requires that PBTs are to be administered in the manner set forth in the Michigan vehicle code, the vehicle code's rule prohibiting the admission of PBT results as proof of a defendant's intoxication must apply to MCL 750.237. The prosecution argued that MCL 750.237 only references the collection and testing methods set forth in the vehicle code, not the code's admissibility requirements. The district court agreed with defendant and granted his motion to suppress the results of the PBT, reasoning that if the legislature wanted to create a different admissibility standard for PBTs in cases of possession of a firearm under the influence (MCL 750.237), it would have expressly stated so. The prosecution then appealed to the Oakland Circuit Court. The circuit court agreed with the district court and affirmed its ruling, reasoning that the rules regarding collection and administration of PBTs would be rendered nugatory if the results were only admissible for one class of crimes and not others. This Court then granted plaintiff leave to appeal the circuit court's order affirming the ruling of the district court.

The prosecution's sole contention on appeal is that the plain language of MCL 750.237 only restricts the collection and testing of breath specimens to the manner found in the vehicle code but does not impose the same limitations on the admissibility of PBTs. We agree.

"Questions of law relevant to a motion to suppress evidence are reviewed de novo." Similarly . . . statutory construction involves questions of law that are also reviewed de novo." *People v Keller*, 479 Mich 467, 473-474; 739 NW2d 505 (2007).

Defendant was charged under MCL 750.237(1), which criminalizes the possession of a firearm while under the influence of alcohol. Under the statute, a police officer who has probable cause to believe that an individual has violated MCL 750.237(1) can require that individual to "submit to a chemical analysis of his or her breath, blood, or urine." MCL 750.237(5). "The collection and testing of breath, blood, or urine specimens" shall be conducted "in the same manner that breath, blood, or urine specimens are collected and tested for alcohol- and controlled-substance-related driving violations under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923." MCL 750.237(8). The Michigan vehicle code recognizes a PBT as a proper form of chemical analysis of an individual's breath. MCL 257.43a(a) defines a "preliminary chemical breath analysis" as the "on-site taking of a preliminary breath test from the breath of a person for the purpose of detecting the presence of . . . [a]lcoholic liquor."

Defendant, as well as the district and circuit courts, believe that the admissibility requirements set forth for PBTs in the Michigan vehicle code also apply to MCL 750.237. MCL 257.625a(2)(b) states the admissibility requirements for PBTs as follows:

> (b) The results of a preliminary chemical breath analysis are admissible in a criminal prosecution for a crime enumerated in section 625c(1) or in an administrative hearing for 1 or more of the following purposes:
>
> > (i) To assist the court or hearing officer in determining a challenge to the validity of an arrest . . .

(ii) As evidence of the defendant's breath alcohol content, if offered by the defendant to rebut testimony elicited on cross-examination of a defense witness that the defendant's breath alcohol content was higher at the time of the charged offense than when a chemical test was administered under subsection (6).

(iii) As evidence of the defendant's breath alcohol content, if offered by the prosecution to rebut testimony elicited on cross-examination of a prosecution witness that the defendant's breath alcohol content was lower at the time of the charged offense than when a chemical test was administered under subsection (6).

Therefore, under the Michigan vehicle code, the results of a PBT are only admissible to challenge the validity of an arrest or to rebut testimony regarding a defendant's breath alcohol content at the time of the offense.

However, as the prosecution points out, MCL 750.237(8) only states that the "collection and testing" methods are to be adopted from the Michigan vehicle code; the statute does not speak to the admissibility of the tests taken. More significantly, MCL 257.625a(2)(b) specifically states that its admissibility rules only apply to criminal prosecutions for those crimes enumerated in MCL 257.625c(1) or in an administrative hearing for specified purposes. These enumerated crimes consist solely of drunk driving offenses and do not include possession of a firearm while under the influence.

This Court recognized as much in *People v Tracy*, 186 Mich App 171; 463 NW2d 457 (1990). In *Tracy*, the Court analyzed whether the results of a PBT are sufficient to establish probable cause in an affidavit for a search warrant. *Id*. at 174. The Court recognized the admissibility limitations in regard to PBTs, however, it noted that these limitations only apply "in specified proceedings." *Id*. at 176. The Court noted that the statute "does not, for example, limit the use of PBT results in civil proceedings or in criminal proceedings in which the charge is not a drunk driving offense." *Id*. While the circuit court was correct that this Court deemed PBTs to be "comparatively unreliable" to breath, blood, and urine tests, the Court was clear that despite any potential unreliability, PBTs are admissible in cases involving offenses other than drunk driving. *Id*. at 179. Therefore, the circuit court erred in affirming the district court's order granting defendant's motion to suppress the results of his PBT.

Reversed and remanded to the district court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

-3-