*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAIL GLENN DEBRUYNE,

      Defendant-Appellant.

UNPUBLISHED
July 11, 2019

No. 346534
Jackson Circuit Court
LC No. 18-004322-FH

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

A Napoleon Township police officer secured a search warrant for Dail DeBruyne's blood after he was involved in a motorcycle accident in which his passenger died. DeBruyne sought suppression of the blood test results, contending that the search warrant affidavit was constitutionally deficient and that the officer did not rely upon the resultant warrant in good faith. The circuit court denied DeBruyne's motion on statutory grounds.

The affidavit in this case is wholly lacking any factual basis to support probable cause. No officer could reasonably believe that the warrant was valid. Accordingly, we reverse and remand for suppression of the blood-draw evidence.

## I. BACKGROUND

As noted, DeBruyne was involved in a motorcycle accident that killed his passenger. While DeBruyne was in the emergency room receiving treatment for serious injuries, an investigating officer submitted a form "search warrant-blood draw" affidavit to the district court. The officer filled in the blanks for the date, time, and location of the accident in a preprinted statement that he was "investigating an OWI/OWVI/OWPD incident." The officer swore that his investigation led him to believe that DeBruyne was the operator of the motorcycle. Following a preprinted statement "[t]hat the affiant has personally observed the above named operator and/or believes said person to be under the influence of alcohol, or a controlled substance, or both, or has an unlawful blood alcohol level, based on the following observation," the officer wrote: "DeBruyne was the driver of a motorcycle involved in fatal accident in which his female passenger was killed (Ann Marie Sahadi). Witness observed DeBruyne driving

-1-

motorcycle reckless manner, speeding [eastbound] Austin Rd. DeBruyne is at HFA being treated for severe injury." A district court magistrate signed the warrant request, a blood draw was conducted, and testing revealed that DeBruyne's blood alcohol content was over the legal limit.

The prosecution charged DeBruyne with operating a motor vehicle while intoxicated causing death, MCL 257.625(4), reckless driving causing death, MCL 257.626(4), and operating a motor vehicle while intoxicated, third offense, MCL 257.625(9), (11). The district court bound defendant over as charged.

DeBruyne filed a motion to suppress the blood-draw evidence in the circuit court. He contended that the search warrant affidavit was "fatally deficient" because it did not describe sufficient facts to establish probable cause. The affidavit merely stated that a witness observed DeBruyne driving in a "reckless manner" and "speeding" and that he had been in an accident. DeBruyne maintained that these allegations were "wholly conclusory" and "fell well short of establishing probable cause that [he] had been intoxicated." The mere occurrence of an accident or a traffic infraction were simply not enough to raise probable cause of intoxication, DeBruyne contended.

The prosecutor responded by augmenting the information in the search warrant affidavit. He contended that the witnesses at the scene observed DeBruyne "driving at a high rate of speed, tailgating the car in front of him, and swerving back and forth[] prior to leaving the roadway and crashing." A homeowner near the crash claimed to have found "a bottle of Fireball" in his yard near the scene. Another witness who attempted to assist DeBruyne reported that he "could smell the odor of intoxicants" on his person. The prosecutor further asserted that "[m]ultiple first responders . . . also stated they could smell the odor of intoxicants coming from" DeBruyne. The prosecutor urged that the officer complied with MCL 780.653 in drafting the search warrant affidavit despite that he omitted these relevant details regarding the investigation and that the warrant was therefore valid. In the alternative, the prosecutor argued that the good-faith exception to the exclusionary rule applied because it was objectively reasonable for the officer to rely on a warrant issued by a neutral and detached magistrate, even if the warrant was later found invalid.

At oral argument, defense counsel argued that the prosecutor's references to statutory requirements for obtaining a warrant and to facts not mentioned in the search warrant affidavit were irrelevant. Rather, the sole argument before the court was that the exclusionary rule applied because the affidavit supporting the warrant was substantively deficient on its face. Counsel maintained that the search warrant contained mere conclusions, such as "reckless" driving and "speeding," and did not contain any specificity as to the nature of the recklessness or the degree of speeding, which would be minimally necessary to establish probable cause that DeBruyne was intoxicated. The prosecutor continued to maintain that the affidavit established probable cause and that, even if it did not, excluding the blood-draw evidence was inappropriate because the police officer acted in good faith and there was no evidence of police misconduct.

The circuit court denied the motion. Citing only *People v Hawkins*, 468 Mich 488; 668 NW2d 602 (2003), the court declined to consider DeBruyne's constitutionally based argument, focusing instead on the statutory requirements for a valid warrant. In a footnote, the court

recognized that an argument based on alleged constitutional deficiencies under the Fourth Amendment is distinct from whether a police officer complied with state statutory requirements. The court further acknowledged that "the facts described in the body of the warrant are undesirably scant." Despite this criticism, the circuit court found that the affidavit recounted specific observations by the officer and a witness "that describe concerning behaviors that could rise to a finding of probable cause of intoxication," specifically "driving recklessly, speeding, and tailgating prior to crashing the vehicle." On this basis, the court concluded that the warrant did not violate the applicable statutory requirements. Even if DeBruyne established a statutory violation, the circuit court posited, the officer acted in reasonable and good-faith reliance on the warrant and *Hawkins* did not permit suppression based solely on statutory violations.

DeBruyne moved for reconsideration, arguing that the circuit court had been misled by the prosecution's reliance on a statutory argument and that his suppression motion was based solely on the alleged violation of his constitutional rights. The circuit court denied this motion and DeBruyne appeals.

## II. INVALIDITY OF SEARCH WARRANT

We note at the outset that the circuit court clearly erred in resolving DeBruyne's constitutional challenge to the validity of the search against him on statutory grounds and relying on *Hawkins*, 468 Mich 488. The Michigan Supreme Court expressly stated in *Hawkins*, 468 Mich at 497-498, that it was not asked to consider the constitutional validity of the search or search warrant then before it; the issue focused solely on the statutory requirements for a search warrant and affidavit. *Hawkins* is not relevant or controlling in this constitutional case.

The Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV. A magistrate reviewing a search warrant affidavit must "make a practical, common-sense decision whether, given all the circumstances *set forth in the affidavit before him*, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983) (emphasis added). Reviewing courts consider whether the magistrate had a "substantial basis for concluding that probable cause existed" to issue the warrant. *Id*. at 238-239 (cleaned up).[1] Our appellate review also focuses on whether "a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *People v Whitfield*, 461 Mich 441, 446; 607 NW2d 61 (2000) (cleaned up). We must afford deference to a magistrate's determination of probable cause. *People v Shawn Adams*, 485 Mich 1039; 776 NW2d 908 (2010).

---

[1] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

As noted, the existence of probable cause to issue a warrant must be based on the information in the warrant affidavit. The judicial officer must "be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whitely v Warden, Wyoming State Penitentiary*, 401 US 560, 564; 91 S Ct 1031; 28 L Ed 2d 306 (1971). The warrant cannot be rehabilitated with information within the requesting officer's mind that was not submitted to the judge. *Id*. at 565-566. Further, "the affidavit must contain facts within the knowledge of the affiant and not mere conclusions or beliefs. The affiant may not draw his or her own inferences, but rather must state matters that justify the drawing of them." *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008).

The warrant affidavit in this case was woefully deficient. A person who is in an accident after driving in a reckless manner and speeding may be intoxicated. However, there are endless other explanations for such behavior, including road rage, showing off, tardiness, or an emergency. See *People v Sloan*, 450 Mich 160, 164, 171-172; 538 NW2d 380 (1995), overruled on other grounds by *Hawkins*, 468 Mich at 511 (holding that an officer's mere conclusion or opinion in an affidavit that a person responsible for an accident "appear[ed] [to be] under influence of intoxicating liquor," without more, was insufficient to support probable cause finding). See also *Navarette v California*, 572 US 393, 402; 134 S Ct 1683; 188 L Ed 2d 680 (2014) ("Of course, not all traffic infractions imply intoxication. Unconfirmed reports of driving without a seatbelt or slightly over the speed limit, for example, are so tenuously connected to drunk driving that a stop on those grounds would be constitutionally suspect."). The affidavit as written expresses the officer's mere conclusion that DeBruyne was intoxicated based on very broad descriptions of his driving. The issuing judge could not reach an independent finding that probable cause existed based on the information provided and the resultant warrant was invalid.

## III. EXCLUSION OF EVIDENCE

"Generally, if evidence is unconstitutionally seized, it must be excluded from trial. Exclusion of improperly obtained evidence serves as a deterrent to police misconduct, protects the right to privacy, and preserves judicial integrity." *People v Hyde*, 285 Mich App 428, 439; 775 NW2d 833 (2009) (cleaned up). However, the good-faith exception to the exclusionary rule posits that illegally seized evidence need not be excluded if the officers who executed the warrant acted in reasonable, good-faith reliance on its validity. *United States v Leon*, 468 US 897, 919-921; 104 S Ct 3405; 82 L Ed 2d 677 (1984); *People v Goldston*, 470 Mich 523, 525-526; 682 NW2d 479 (2004). "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 428 US at 922 (cleaned up). Whether the police officers acted in good faith is measured by a standard of objective reasonableness. *Id*.

An officer's reliance on a deficient warrant is not in good faith when "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. at 922 n 23. In *Leon*, the Supreme Court outlined four circumstances in which the good-faith exception does not apply: (1) the magistrate was "misled by information in the affidavit that the affiant either knew or would have known was false" but for his reckless disregard for the truth; (2) "the magistrate wholly abandon[ed] his judicial role;" (3) a police officer relied on an affidavit that was "so lacking in indicia of probable cause as to render official

belief in its existence entirely unreasonable;" or (4) a search warrant is facially deficient such that "the executing officers cannot reasonably presume it to be valid." *Goldston*, 470 Mich at 531 (cleaned up); *People v Hellstrom*, 264 Mich App 187, 197; 690 NW2d 293 (2004).

Relevant here is the third *Leon* circumstance: whether the affidavit in this case was "so lacking in indicia of probable cause" that the officer's reliance upon it was "entirely unreasonable." Stated differently, the good-faith exception will not apply "if an officer relies on a warrant based on a 'bare bones' affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *People v Czuprynski*, 325 Mich App 449, 472; 926 NW2d 282 (2019). The affidavit in this case was so "bare bones" and "lacking in indicia of probable cause" that no "reasonably well trained officer" could have been believed the warrant was valid.

Nothing in the affidavit described how the fatal motorcycle accident occurred or why the circumstances of the accident suggested intoxication. The affidavit consisted merely of nonspecific, conclusory allegations of speeding and recklessness. Finding indicia of probable cause in the current affidavit would permit the good-faith exception to swallow the exclusionary rule whole; every single motor vehicle accident, no matter the circumstances, would conceivably result in the issuance of a warrant to draw blood to test for intoxication. Such a result is objectively unreasonable given the United States Supreme Court's characterization of such blood draws as highly intrusive. See *Missouri v McNeely*, 569 US 141, 165; 133 S Ct 1552; 185 L Ed 2d 696 (2013) ("We hold that in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant."); *Birchfield v North Dakota*, __ US __; 136 S Ct 2160, 2164; 195 L Ed 2d 560 (2016) (holding that blood tests "are significantly more intrusive than blowing into a tube" as "[t]hey 'require piercing the skin and extract a part of the subject's body" and "gives law enforcement a sample that can be preserved and from which it is possible to extract information beyond a simple BAC reading").

As the investigating officer could not reasonably believe that the current warrant was valid given the complete inadequacy of the affidavit, the good-faith exception does not apply in this case and the circuit court should have granted DeBruyne's suppression motion.

We reverse and remand for entry of an order suppressing the blood-draw evidence. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher