*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JASON D. BROWN,

Defendant-Appellee.

UNPUBLISHED
November 12, 2019

No. 344991
Wayne Circuit Court
LC No. 18-000966-01-AR

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

A search warrant affidavit must be based on information fresh enough to support a presumption that evidence of criminal activity will still be found on the premises. Officers investigating Jason Brown's alleged drug-trafficking activities waited more than four months after their last observed potential transaction to secure a search warrant. By then, the only fresh information was that a handful of individuals had visited the home for periods consistent with normal residential use. The district and circuit courts properly determined that the search warrant lacked probable cause. We affirm the suppression of the evidence and the dismissal of the charges against Brown.

## I. BACKGROUND

On April 30, 2017, an anonymous informant gave officers a tip that a man was selling large amounts of narcotics from a home located at 19784 Lahser Road in Detroit, and that he drove a silver Buick LeSabre. Police observed the silver LeSabre in the driveway of the home and traced it back to Brown. Brown had been convicted in 2010, 2011, and 2014 of narcotics possession charges. On June 13 and August 2, 2017, police trailed Brown after he left the home and observed him make "hand-to-hand" transactions. The officers did not follow up to ascertain the exact nature of those transactions. The police then abandoned their surveillance of the house for a time. In December 2017, four months after the last witnessed transaction, the police resumed surveillance and observed a small number of people coming and going from the home over a three-day period. On the third day, police learned that the home was in foreclosure and listed by the Secretary of State as unoccupied.

On December 29, 2017, Detroit Police Officer E. Richardson swore out a search warrant affidavit for 19784 Lahser Road. Officer Richardson related the informant's tip describing Brown as "sell[ing] large amounts of narcotics" from the home in question and driving a silver LeSabre. The officer stated that he surveilled the home on May 11, 2017, and observed Brown visit the home in a LeSabre. The officer then conducted a background search and uncovered Brown's prior controlled substance offenses. Officer Richardson indicated that on June 13 and August 2, 2017, he followed Brown from 19784 Lahser to other locations in Detroit and observed him "conduct a hand to hand" transaction. Officer Richardson continued that he noted the LeSabre parked at the subject home on November 11. The officer conducted surveillance at the home between December 26 and 28, 2017, and twice observed individuals exit the home "carrying a bag." He witnessed a handful of people visit the home for 20 minutes, an hour, and three minutes on those days. The officer further noted that the home was in foreclosure and Secretary of State records indicated that no one had registered the home as their residence.

An unidentified magistrate approved the warrant "via cell phone." And on December 29, 2017, officers executed the warrant. Inside the home, the officers found a loaded handgun and additional ammunition, as well as several types of controlled substances. Brown's identification card was inside the home. The police then arrested Brown and found he was carrying $9,446 in cash.

At the preliminary examination, Brown sought to suppress the evidence uncovered during the search, contending that the search warrant and affidavit lacked probable cause. The district court agreed that probable cause was lacking. The court further determined that the good-faith exception to the suppression rule did not apply as the officers could not have reasonably believed that the search warrant was supported by probable cause. Accordingly, the district court suppressed the evidence and dismissed the charges against Brown.

The prosecution appealed to the circuit court, arguing that the officers gathered evidence over a six-month period, which, taken as a whole, formed probable cause for the warrant. In the alternative, the prosecution contended that the officers reasonably relied upon the warrant as it was signed after a magistrate's review. The circuit court also disagreed and affirmed the suppression of the evidence and the dismissal of the criminal charges.

The prosecution now appeals. We note that the trial court did not appoint counsel to represent Brown following the prosecution's successful application for leave to appeal. We need not delay this appeal to allow such an appointment as we affirm the lower courts' reasoned orders.

## II. ANALYSIS

We review de novo the circuit court's decision to suppress the evidence and any underlying issues of law, and review for clear error the court's underlying factual findings. *People v Booker*, 314 Mich App 416, 419; 886 NW2d 759 (2016); *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). We also review de novo the magistrate's initial decision to issue a search warrant. *People v Martin*, 271 Mich App 280, 297; 721 NW2d 815 (2006).

The Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV. A magistrate reviewing a search warrant affidavit must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). Reviewing courts consider whether the magistrate had a "substantial basis for concluding that probable cause existed" to issue the warrant. *Id*. at 238-239 (cleaned up).[1] As emphasized by the prosecution, "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *People v Lyon*, 227 Mich App 599, 611; 577 NW2d 124 (1998). Our appellate review also focuses on whether "a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *People v Whitfield*, 461 Mich 441, 446; 607 NW2d 61 (2000) (cleaned up). We must afford deference to a magistrate's determination of probable cause. *People v Shawn Adams*, 485 Mich 1039; 776 NW2d 908 (2010).

"[P]robable cause to search must exist at the time the search warrant is issued." *People v Brown*, 279 Mich App 116, 127-128, 755 NW2d 664 (2008). "The passage of time is a valid consideration in deciding whether probable cause exists. The measure of the staleness of information in support of a search warrant rests on the totality of the circumstances, including the criminal, the thing to be seized, the place to be searched, and the character of the crime." *Id*. at 128. As expressed by the Michigan Supreme Court:

> Time as a factor in the determination of probable cause to search is weighed and balanced in light of other variables in the equation, such as whether the crime is a single instance or an ongoing pattern of protracted violations, whether the inherent nature of a scheme suggests that it is probably continuing, and the nature of the property sought, that is, whether it is likely to be promptly disposed of or retained by the person committing the offense. [*People v Russo*, 439 Mich 584, 605-606; 487 NW2d 698 (1992).]

As a general rule, information supporting a warrant is "sufficiently fresh when it can be presumed that the items sought remain on the premises, or that the criminal activity is continuing at the time of the warrant request." *People v McGhee*, 255 Mich App 623, 636; 662 NW2d 777 (2003).

The relevant information underlying the current search warrant affidavit was stale and could not support a finding of probable cause. The police received information on April 30 that Brown may have been dealing drugs and operating out of 19784 Lahser Road. Officers observed potential drug transactions on June 13 and August 2. The officers did not conduct immediate

---

[1] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

investigations to determine whether Brown had sold drugs to the individuals he encountered on those dates. The officers delayed more than four months in conducting any further surveillance and then observed rather mundane comings and goings consistent with normal residential use. Any probable cause garnered in the summer of 2017 had gone stale by the time of the December surveillance and warrant request.

That the information in the warrant affidavit had gone stale is especially true given the nature of the suspected drug-trafficking activity. See *Russo*, 439 Mich at 612 (noting there is a "reasonable inference . . . that a person will get rid of incriminating evidence" when the offense involves "the possession of contraband"); *People v David*, 119 Mich App 289, 296; 326 NW2d 485 (1982) (holding that in a case involving "only a single sale, not continuing drug sales," "a three-day delay renders an affidavit stale" as "there is absolutely no evidence to suggest that defendant would still possess marijuana three days" later). Two isolated incidents of a "hand to hand transaction," occurring two months apart were too attenuated to support any reasonable inference that Brown would be in possession of a controlled substance more than four months later.

The information gathered in December 2017 standing alone was not adequate to support a finding of probable cause. Over a course of three days, the police observed one woman and possibly three different men park in the driveway of the subject home and enter for an hour, 20 minutes, or three minutes at a time. Twice an individual exited the home "carrying a bag," but the officer shared no details placing this conduct in suspicious light. And there was no evidence that the residence was uninhabitable or that the utilities had been shut off despite that foreclosure proceedings had been instituted. At the preliminary examination, the prosecution argued that the brevity of the individuals' visits to the home was indicative of an ongoing narcotics operation. The district court disagreed, reasoning that the current case was "different from other situations when we have people that go to a location and they're there less than a minute, or anywhere from a minute to three minutes and then they leave. And this same kind of traffic keeps going back and forth." The information provided in the current affidavit regarding the December 2017 activity at the subject house did not give way to "a probability or substantial chance of criminal activity." *Lyon*, 227 Mich App at 611.

As a general rule, evidence secured in a search conducted without probable cause must be excluded. *Brown*, 279 Mich App at 127. "Exclusion of improperly obtained evidence serves as a deterrent to police misconduct, protects the right to privacy, and preserves judicial integrity." *Id*. However, the good-faith exception to the exclusionary rule posits that illegally seized evidence need not be excluded if the officers who executed the warrant acted in reasonable, good-faith reliance on its validity. *United States v Leon*, 468 US 897, 919-921; 104 S Ct 3405; 82 L Ed 2d 677 (1984); *People v Goldston*, 470 Mich 523, 525-526; 682 NW2d 479 (2004). "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 US at 922 (cleaned up). Whether the police officers acted in good faith is measured by a standard of objective reasonableness. *Id*.

An officer's reliance on a deficient warrant is not in good faith when "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. at 922 n 23. In *Leon*, the United States Supreme Court outlined four circumstances in which the good-faith exception does not apply: (1) the magistrate was "misled

by information in the affidavit that the affiant either knew or would have known was false" but for his reckless disregard for the truth; (2) "the magistrate wholly abandon[ed] his judicial role;" (3) a police officer relied on an affidavit that was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" or (4) a search warrant is facially deficient such that "the executing officers cannot reasonably presume it to be valid." *Goldston*, 470 Mich at 531 (cleaned up); *People v Hellstrom*, 264 Mich App 187, 197; 690 NW2d 293 (2004).

Here, the searching officers could not reasonably rely on the validity of the warrant as the underlying affidavit was "so lacking in indicia of probable cause" as to suspend such reliance. As already noted, the activities observed by the officers in December 2017 were insufficient to create probable cause for a search warrant and the activities of the summer were too remote to be relevant. A reasonable officer could not have believed that the isolated hand-to-hand transactions in June and August, which were never even marginally investigated, could create reasonable suspicion of ongoing criminal activity in December. And a reasonable officer would appreciate the meaningful difference between a small number of people visiting a home for up to an hour at a time (presumably innocent behavior) and a steady flow of fly-by visitors stopping by to purchase narcotics. We discern no error in the lower courts' determinations that the good-faith exception to the exclusionary rule did not apply in this case.

We affirm.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher